# THE ADAMSTOWN CANNING AND SUPPLY COMPANY

## *vs.*

# THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Railroad Company—Release from Liability for Fire—Siding Contract—Adoption of Contract—Estoppel—Jurisdiction of Equity.*

A contract by which a railroad company, in consideration of its construction of a siding for the use of a shipper, is released from liability for damage to the shipper's property occasioned by fire originating from the locomotives of the company, is valid.      p. 207

Defendant corporation, although not legally the successor of the partnership with which a siding contract was originally made by plaintiff railroad company, having, with full knowledge of the terms of said contract, adopted and accepted such terms as the conditions upon which it was to receive and enjoy the benefits of the siding, and the railroad company, in consideration of such adoption and acceptance, not having revoked or rescinded the contract, but having continued to render service in connection with the siding, *held* that defendant corporation was estopped to deny that it was bound by a provision of such contract for the release of the railroad company from liability for damage by fire.      pp. 208, 209

Even though the facts relied on in the plaintiff railroad company's bill, involving the defendant's adoption and acceptance of the terms of the original contract as to the release of the company from liability for damage by fire to defendant's property, could have been availed of at law, that the company prayed that the defendant be decreed specifically to perform the obligation to release the company from all claim for damage so caused was sufficient to confer jurisdiction on a court of equity.      p. 210

*Decided December 1st, 1920.*

Appeal from the Circuit Court for Frederick County, In Equity (WORTHINGTON, J.).

The cause was argued before BOYD, C. J., THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*George Ross Veazey,* with whom were *Leo Weinberg* and *Haman, Cook, Chesnut &. Markell,* on the brief, for the appellant.

*Francis Neal Parke,* with whom were *Bond &. Parke* and *John S. Newman* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the court.

The present appeal is from a decree of the Circuit Court for Frederick County overruling a demurrer to the bill of complaint of the appellee and continuing in force until the hearing of the case upon its merits the injunction theretofore granted, with leave to the defendant to answer.

The bill was filed by the Baltimore and Ohio Railroad Company against the Adamstown Canning and Supply Company, a body corporate, and alleges that in January, 1904, a corporation named the Adamstown Packing Company of Frederick County was formed for the purpose of carrying on and conducting at Adamstown, Frederick County, Maryland, a general packing business, and that said company, desiring to obtain the advantages afforded by the plaintiff's railroad, and to secure the greatest possible convenience in loading and unloading property to be received by and shipped to it, arranged to buy a parcel of land adjacent to the right of way of the plaintiff, and applied for and obtained from the plaintiff an agreement for a siding to be laid and built partly on the land of the plaintiff and partly on the land to be purchased by said company, but that inasmuch as the said company proposed to build on said parcel of land its packing house, warehouse and other necessary buildings, contiguous or near to said siding, and not far from the railroad of the

plaintiff, the plaintiff "made it a term of said agreement that
the said company should assume all risks by fire in the con-
sideration of" the agreement on the part of the plaintiff that
said company should have the benefit and privilege of said
switch or siding; that said agreements were fully executed
by a deed from John W. Thomas and wife to said company,
dated February 20th, 1904, conveying to it said parcel of
land, containing two acres, one rood and twenty-five perches,
and by an agreement in writing, executed and delivered on
April 15th, 1904, between the plaintiff and said company,
through its proper agent, a copy of which deed and a "dupli-
cate original" of said agreement were filed with the bill; that
said company took possession of said parcel of land and pur-
suant to said agreement the siding was built and completed
in May, 1904, with a total length of 429 feet, of which 190
feet were on the right of way of the plaintiff and 239 feet
on the parcel of land so conveyed to said company, and that
thereafter the said company erected its warehouse and other
buildings; that said agreement contained, among others, the
following provisions:

> "In further consideration of the advantages and
> benefits to accrue to said second **party** (meaning said
> company), it is further agreed that the said second
> party will indemnify and protect and save harmless said
> first party against loss or damage or expense by fire
> to cars and contents standing upon said siding which
> have been placed there for use of said second party.
> And said second party hereby releases said first party
> (meaning the plaintiff) from all claims of whatsoever
> character for damages resulting to the property of
> said second party by reason of fire originating from
> the engines and locomotives of the first party and re-
> sulting in the burning or destruction of or injury to the
> property of the second party." ,

The bill then alleges that a certain George L. Thomas and
Stephen A. Thomas, the owners of a certain parcel of land

west of the parcel of land so purchased by said company, desiring to obtain the convenience and advantage in loading and unloading property received upon and shipped from their said land, applied for and obtained from the plaintiff an agreement for a siding to be extended from the siding located on the land of said company over the land of said company and thence upon their land; that said company agreed that said siding should be so extended, and the siding was accordingly extended for a further distance of 230 feet, in pursuance of agreements duly executed by the parties, and upon the same terms and conditions stated in the agreement between the plaintiff and said company; that the said George L. and Stephen A. Thomas erected a warehouse and other buildings on their said land, and that in pursuance of said agreement the said siding and its extension has been continuously used by the plaintiff in connection with its railroad; that subsequently, in the year 1909, the said George L. and Stephen A. Thomas, with the full knowledge, assent and participation of said company, and upon the same terms and conditions contained in the agreement between the plaintiff and said company, obtained from the plaintiff a further extension of said siding on their land of 165 feet. The bill further avers that the said Adamstown Packing Company of Frederick County, from the date of its incorporation in January, 1904, until the first part of the year 1910, conducted its packing business on said lot of land so purchased by it, and that the plaintiff believed it was a body corporate, but that during said year the plaintiff learned that said company had not paid the bonus tax upon its capital stock as required by law, and that, in consequence thereof, it was not a corporation but a voluntary association of shareholders carrying on the business under the name of the Adamstown Packing Company of Frederick County; that the parties interested as such shareholders conducted said business under the belief that the company was in law a corporation, until they discovered in 1910 that the payment of the bonus tax

was a prerequisite to corporate existence, and that thereupon they determined to form a partnership under the name of the Adamstown Canning and Supply Company, and as such partners to take the title to the parcel of land so conveyed by John W. Thomas and wife, assume all the contractual rights and obligations, acquire all the rights and privileges of the Adamstown Packing Company of Frederick County, and to continue the business theretofore conducted; that accordingly a deed was executed and delivered January 20th, 1910, in the name of the Adamstown Packing Company of Frederick County, and under its corporate seal, by its president and secretary, Samuel C. Thomas and G. Leicester Thomas, conveying said parcel of land to J. Franklin Thomas, Samuel C. Thomas, Curtis W. Thomas, Stephen A. Thomas, John W. Thomas, G. Leicester Thomas and G. Frank Thomas, as joint tenants, "a partnership trading as the Adamstown Canning and Supply Company"; that subsequently, on August 22nd, 1910, J. Franklin Thomas, Samuel C. Thomas, Stephen A. Thomas, Curtis W. Thomas, John W. Thomas and G. Leicester Thomas, six of the grantees in the above mentioned deed, formed a corporation named the Adamstown Canning and Supply Company, to carry on said business, with *all* of said grantees as directors, and on the 6th of September, 1910, *all* of the grantees in the deed *from* the original company, and their wives, including *John W. Thomas,* who with his wife, Addie M. Thomas, conveyed the parcel of land containing two acres, one rood and twenty-five perches to the original company, united in a deed conveying said land to the new corporation, the Adamstown Canning and Supply Company; that the formation of said partnership and said new corporation, and said conveyances, were steps taken to remedy the legal consequences of the failure to pay the bonus tax on the capital stock of the original company and to vest title in the new corporation, and that "in management, control, operation, ownership, assets, rights, privileges and siding obligations, the said Adamstown Packing Com-

pany of Frederick County, the said volunteer association, the said partnership and the new corporation are identical in fact and in substance"; that on the 31st of August, 1910, the Adamstown Canning and Supply Company, the defendant, obtained from Stephen A. and G. Leicester Thomas, and their wives, a deed for the land upon which said siding had been extended under the several siding agreements with the said Stephen A. and G. Leicester Thomas; that the siding contracts of the plaintiff with the original company and with Stephen A. and G. Leicester Thomas "were known to, accepted by and acted upon, and the benefits and advantages thereof appropriated and enjoyed, with the full knowledge of the terms and stipulations of said siding contracts in every respect" by the said partnership and the new corporation, "respectively and successively in the order of their formation," and that by reason and virtue of the acceptance by them of the benefits and obligations of said agreement, and their "substituting themselves in said agreement in the place of, and as one and the same legal entity and person as" the original company, the plaintiff did not revoke or rescind said agreements but accepted the said partnership and corporation as the parties to said agreements, and discharged and fulfilled all its duties and obligations thereunder, and at their "instance and request, severally and successively," delivered and received property on said siding for their benefit and advantage; that from the date of the original siding agreement to the filing of the bill in this case, the plaintiff used said siding in pursuance of the terms of said agreement, and that such use was with the full knowledge of the said original company, the said partnership and the present corporation, the defendant, that said use by the plaintiff was under, pursuant to and by virtue of the terms of said agreements, which were recognized by them as being in full force and effect; that the said original company, said firm, the defendant corporation, and the plaintiff, accepted all of the terms of said siding contracts, and each discharged its obligations

thereunder until 1914, when the defendant sustained, on its said property, a loss by fire which is claimed to have resulted from sparks from the engines and locomotives of the plaintiff, and refused to comply with the terms of said contracts and to release the plaintiff from any claim for damages from said fire; that the defendant is bound by said siding contracts and the terms thereof; that the defendant accepted said parcel of land and entered into possession thereof with full knowledge of the terms and conditions upon which said siding was built, and service thereon was continued, and with such knowledge accepted such service under said contracts and agreed that thereunder the plaintiff should have the same use and enjoyment of said siding as theretofore under said contracts; that ever since the existence of the defendant the plaintiff has used and enjoyed said siding under and by virtue of said contracts with the full knowledge and acceptance by the defendant, and that neither the original company, the said partnership, nor the defendant, has ever revoked, or attempted to revoke or deny, the right and privilege of the plaintiff to use siding under said siding contracts, subject to all the limitations, conditions and terms thereof; that on or about the 5th of November, 1914, the defendant had certain property in the warehouse built on said parcel of land containing two acres, one rood and twenty-five perches, and that on said date said warehouse and the property therein was destroyed by fire causing loss and damage, which the defendant "imputes to fire negligently thrown from the engine or locomotive" of the plaintiff near its warehouse; that the plaintiff, denying all liability therefor, and relying upon the release from all such loss or damage agreed to be given by the defendant, declined to pay for such loss, and thereupon the defendant brought its action against the plaintiff to recover the same in the Circuit Court for Frederick County, which action was duly removed to the Superior Court of Baltimore City for trial; that the plaintiff has no right to interpose said agreement to release it from such loss as a legal

defense, but "has an equitable right to have said agreement * * * as a defense to all claim of the said" defendant "against it for said loss by fire," and is entitled to an injunction against the prosecution of said action until the determination by the Circuit Court for Frederick County "of the matters and things arising under the allegations" of its bill of complaint; that the facts alleged in the bill, while not constituting any defense at law to the claim of the defendant, are a complete defense in equity to such claim.

The bill prays (1) for an injunction restraining the defendant from the further prosecution of said action at law until a determination be had of the matters and things alleged in the bill; (2) that the agreement of the defendant with the plaintiff as to said siding may be specifically enforced, and the defendant may be decreed and compelled, in specific performance of said agreement, to execute and deliver to the plaintiff a release of all damages from loss by fire for which said action at law was brought; and (3) for general relief.

The grounds of the demurrer interposed by the defendant are: (1) that the plaintiff does not state in its bill such a case as entitles it to any relief in equity against the defendant, and (2) that if the matter contained in the bill "did in fact present a ground for the intervention of equity, such matter should have been set out by way of equitable defense in the action pending in the Superior Court of Baltimore City," and that, therefore, the Circuit Court for Frederick County has no jurisdiction in the premises.

By the terms of the alleged siding agreement between the plaintiff and the original company, called the Adamstown Packing Company of Frederick County, and the alleged siding agreements between the plaintiff and George L. and Stephen A. Thomas, the original company, and the said George L. and Stephen A. Thomas, in consideration of the advantages and benefits to accrue to them by reason of the location and operation by the plaintiff of said siding, agreed

to indemnify, protect and save harmless the plaintiff against loss or damage by fire to cars or their contents standing upon said siding, and to release the plaintiff from all claim for damages to their property by fire originating from the engines or locomotives of the plaintiff, and further agreed that the plaintiff should have the right at any time, after giving the notice therein provided, to discontinue the use of said side-track and to remove the connections, switches, frogs, etc. It cannot be doubted that if the original company had been a legally existing corporation and competent to execute the alleged contract, and the contracts, as alleged in the bill, were duly executed by the plaintiff and other parties thereto, said parties would have been bound by the terms thereof, unless, as apparently urged in the court below, but not pressed in this Court, such contracts were void as against public policy. That question is, however, disposed of in the case of *West Virginia Pulp & Paper Company* v. *Railroad Company,* 75 W. Va. 549, where a contract containing terms like those referred to here was upheld, and by a number of other cases cited in the opinion of the learned court below and in the brief of counsel for the appellee.

It is suggested by the appellant that notwithstanding the bill alleges that said agreements were duly executed by the plaintiff and the other parties thereto, it appears from the printed copies of the exhibits in the record that said agreements were not in fact signed by the plaintiff. The exhibits are not alleged in the bill to be *copies* of the agreements, but to be "duplicate originals," and it may be that, while the original agreements delivered to the Adamstown Packing Company of Frederick County and to George L. and Stephen A. Thomas were executed by the plaintiff as well as by them, the plaintiff omitted to sign the duplicates retained by it and filed as exhibits. It is said in 6 *R. C. L.* p. 641, that "acceptance of a contract by assenting to its terms, holding it out and acting upon it, may be equivalent to formal execution by one who did not sign it." But however that may be,

the bill does not proceed upon the theory that the defendant executed any such written agreement, and in our view of the case the exhibits are only important as evidencing the precise terms of the alleged subsequent understanding and agreement between the plaintiff and defendant.

It thus appears from the averments of the bill that the parcel of land conveyed to the original company by John W. Thomas and wife, and the parcel of land owned by George L. and Stephen A. Thomas, upon which parcels the siding in question was constructed, through the successive steps adopted by the parties interested, was conveyed in 1910 to the defendant, the effect of John W. Thomas and Addie M. Thomas, his wife, the original grantors, uniting in the deed to the defendant, having been to vest in it whatever title they retained to the parcel of land conveyed by them to the original company; that said siding agreements "were known to, *accepted by,* and acted upon, and the benefit and advantages thereof appropriated and enjoyed, with full knowledge of the terms and stipulations thereof, in every respect," by the partnership and the defendant, "successively and in the order of their formation," and that by reason of such acceptance by them "in turn of the benefits and *obligations"* of said agreements, "substituting themselves in said agreements, in the place of, and as one and the same legal entity and person" as the original company, the plaintiff did not revoke and rescind said agreements, as under the terms thereof it had a right to do, but accepted the said partnership and the defendant as "being in fact and substance the same," in equity and in law, as the original company, and discharged and fulfilled all its duties and obligations under said agreements at their request; that the plaintiff continued to use said siding with the knowledge of the said partnership and the defendant that it did so "under, pursuant to and by virtue of said siding agreements, which were by" said partnership and the defendant "recognized to be in full force and effect," and which they knew contained the agreement that the plaintiff

would not be responsible for loss by fire on said parcel of land originating from its engines and locomotives. If, as stated in these averments, the defendant, with full knowledge, adopted and accepted the terms of said agreements as the conditions and terms upon which it was to receive and enjoy the benefits of said siding and the plaintiff should continue to use and operate the same, and the plaintiff, in consideration of such adoption and acceptance, did not revoke or rescind said agreements, but continued to use said siding and to render the defendant said service, the defendant cannot, after inducing the plaintiff to render the service upon the conditions specified, and after receiving the benefits of services rendered upon those conditions, refuse to comply with its obligations under the agreements.

It is said in 9 *Cyc.* 387: "If with full knowledge of all the facts a person ratify an agreement which another person has improperly made concerning the property of the person ratifying it, he thereby makes himself a party to it" (see also *Drakely* v. *Gregg,* 8 Wall. 242), and in 16 *Cyc.* 787, that "where one having the right to accept or reject a transaction takes and retains benefits thereunder, he becomes bound by the transaction and cannot avoid its obligation or effect by taking a position inconsistent therewith. Thus it has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the existence, validity, and effect of the contract."

It is urged by the appellant that an analysis of the bill shows that the plaintiff's theory is that the defendant is estopped by its conduct from denying the existence of the siding agreements, but that the facts alleged cannot operate as an estoppel either in law or equity, and that even if they can, the matters relied on should have been set up by way of equitable defense in the case in the Superior Court of Baltimore City. As early as the case of *Alexander* v. *Walter et al.,* 8 Gill, 254, it was said, quoting from the syllabus, that "the doctrine of estoppels *in pais* stands upon the broad

ground of public policy and good faith; it is interposed to prevent injustice, and to guard against fraud, by denying to a party the right to repudiate his admissions when they have been acted upon by persons to whom they were directed, and whose conduct they were intended to influence," and in the case of *Hardy* v. *Chesapeake Bank,* 51 Md. 562, the court said: "This doctrine of estoppel *in pais* is applied in a great variety of circumstances, but its great object is to prevent injustice being done, where one party has been led into error by the fault or fraud of the other." The allegations of the bill before us bring the case clearly within the principles announced by the cases referred to, and which have been frequently applied to prevent injustice or fraud.

Assuming, as contended for by the appellant, that the facts relied on in the bill could have been availed of by the plaintiff as a defense in the action at law, the understanding and agreement between the plaintiff and defendant, and the conduct of the defendant relied on in the bill, imposed upon the defendant the obligation to release the plaintiff from all claim on account of damages caused by said fire, and one of the prayers of the bill is that the defendant may be decreed and compelled to specifically perform that obligation. This relief cannot be obtained in a court of law, but is one exclusively within the province of a court of equity. In the case of *Taylor* v. *State, Use of Miller,* 73 Md. 208, the court, referring to the statute allowing equitable defenses at law, said: "The statute was designed to prevent circuity of actions in many instances, and to allow numerous defenses at law, which before its passage, could only have been availed of in equity." "It never intended to destroy the distinctions which exist between the jurisdiction of a court of law and a court of equity."

It follows from what has been said that the decree of the court below must be affirmed.

*Decree affirmed, with costs and cause remanded.*