PRINCEMONT CONSTRUCTION CORPO-
RATION, Appellant,

v.

The BALTIMORE and OHIO RAILROAD
COMPANY, Appellee.

The BALTIMORE and OHIO RAILROAD
COMPANY, Appellant,

v.

PRINCEMONT CONSTRUCTION CORPO-
RATION, Appellee.

Nos. 1939, 1940.

Municipal Court of Appeals for the
District of Columbia.

Argued March 4, 1957.

Decided May 14, 1957.

Robert S. Plotkin, Washington, D. C., with whom Albert Philipson, Washington, D. C., was on the brief, for appellant in No. 1939 and for appellee in No. 1940.

Laidler B. Mackall, Washington, D. C., with whom Steptoe & Johnson, Washington, D. C., was on the brief, for appellant in No. 1940, and for appellee in No. 1939.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Princemont Construction Corporation was engaged in extensive road paving in the State of Maryland and to facilitate its work it entered into a written agreement with The Baltimore and Ohio Railroad Company whereby it was permitted to install and operate a portable unloader on the Railroad's property for a period of approximately one year for the purpose of unloading bulk cement from cars on the Railroad's siding at Derwood, Maryland. As part of the consideration for this privilege Princemont agreed: "To assume all liability for any and all loss and damage to property and claims for injury to or death of persons in connection with or growing out of the use of said premises."

This action arose out of a collision between a work train of the Railroad and a cement hopper car which was being unloaded by Princemont, resulting in damage to the unloader and the loss of a large quantity of cement. Princemont sued the Railroad to recover for such damage and loss. The trial court found that the Railroad was negligent and that Princemont sustained damages in the amount of $724.92, but ruled that Princemont was barred from recovery because of the above-quoted provision of its agreement. Princemont appeals and says the ruling was erroneous. The Railroad cross-appeals on the claim of insufficient proof of damages.

█ Princemont contends that it was error to interpret the assumption of liability clause in the agreement so as to exonerate the Railroad from liability for its own negligent acts, especially when the injury resulting therefrom was sustained by the other contracting party. In effect, Princemont's position is that the agreement obligated it to indemnify the Railroad only in the event the Railroad was held answerable to a third party for property damages or personal injury sustained as a result of the negligence of someone other than the Railroad. No claim is made that public policy precluded the Railroad from contracting away responsibility for its own negligence; and it appears well settled that a railroad, when not acting as a common carrier, may do so.[1] The claim is that if the Railroad desired to absolve itself from such liability it was required to use specific language to that effect.

█ Princemont relies on the principle announced in many cases that a contract of indemnity will not be construed to indemnify the indemnitee against his own negligence unless it clearly appears that such was the intention of the parties;[2] and it argues that if such was the intention of the parties here such intention would have been expressed in specific language. However, the terms of an indemnity agreement may be so broad and comprehensive that although it contains no express stipulation indemnifying against a party's own negligence, it accomplishes the same purpose.[3] In such a case the presumption is that if the parties had intended some limitation of the all-embracing language, they would have expressed such limitation. We think the language here used was so comprehensive as to include damages resulting from the Railroad's negligence even though the damage was suffered by Princemont.

In reaching this conclusion we view the provision as clear and certain in its terms, giving rise to no ambiguity. The fact that the language used is comprehensive does not render the provision unclear or uncertain. If the parties wished to limit the scope of the language they could have easily done so; we are not at liberty to do it for them.[4]

Even if we assume that the provision is so worded as to give rise to an ambiguity, we would arrive at the same conclusion. An examination of the relationship of the parties and the reason and purpose for which the contract was entered into shows that the interpretation sought by Princemont would all but render the provision meaningless and would confer on the Railroad little or no benefit.[5] Unquestionably the assumption of liability provision was inserted into the contract in order that the Railroad might be immune from claims that would not arise except for the use of the siding by Prince-

1. Santa Fe, P. & P. R. Co. v. Grant Bros. Const. Co., 228 U.S. 177, 33 S.Ct. 474, 57 L.Ed. 787; Adamstown Canning & Supply Co. v. Baltimore & Ohio R. Co., 137 Md. 199, 112 A. 286. See also Annotation 175 A.L.R. 8, 94.
2. E. g., Standard Oil Co. of Texas v. Wampler, 5 Cir., 218 F.2d 768; Southern Ry. Co. v. Coca-Cola Bottling Co., 4 Cir., 145 F.2d 304.
3. Chesapeake B. R. Co. v. Hupp Automatic M. E. Co., 48 App.D.C. 123; Atlantic Coast Line R. Co. v. Robertson, 4 Cir., 214 F.2d 746; Southern Pac. Co. v. Fellows, 22 Cal.App.2d 87, 71 P.2d 75.
4. Minneapolis-Moline Co. v. Chicago, M. St. P. & P. R. Co., 8 Cir., 199 F.2d 725.
5. City of Cleveland v. Baltimore & O. R. Co., 6 Cir., 71 F.2d 89; Cacey v. Virginian Ry. Co., 4 Cir., 85 F.2d 976, certiorari denied 300 U.S. 657, 57 S.Ct. 433, 81 L.Ed. 866.

mont. That the Railroad desired so to protect itself is not unusual. Princemont's use of the site increased considerably the possibility of accidents, and it was protection from this increase of possible liability which the Railroad demanded in consideration for permission to use the siding.[6]

Princemont also contends that its claim against the Railroad had no connection with and did not arise out of its use of the railroad siding. Apparently its argument is that it must be shown that the use of the siding was a cause of the accident from which the claim arose, otherwise the claim is not barred. We find this argument lacking in merit. The phrase "in connection with or growing out of the use of said premises" connotes a relationship between the use of the premises and the claim but not a causal relationship. At the time of the accident Princemont was unloading cement by means of the portable unloader pursuant to the terms of the agreement. We think this is sufficient to support the trial court's finding that the claim was for a loss in connection with or growing out of the use of the railroad siding.

Because of our holding on Princemont's appeal, it becomes unnecessary to consider the cross-appeal of the Railroad.

Affirmed.

---

6. Chesapeake B. R. Co. v. Hupp Automatic M. E. Co., 48 App.D.C. 123.