**DISTRICT OF COLUMBIA, a municipal corporation, Appellant,**

v.

**GENERAL HEATING ENGINEERING COMPANY, Inc., a corporation, D'Aprile Brothers Company, a corporation, and Arthur G. Bradley, Appellees.**

**No. 2627.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 21, 1960.

Decided March 30, 1961.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

John F. Mahoney, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellee General Heating Engineering Co.

Arthur V. Butler, Washington, D. C., with whom J. Harry Welch, Washington, D. C., was on the brief, for appellee D'Aprile Brothers Co.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee Arthur G. Bradley.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

The District of Columbia brought this action against appellees to recover the amount of two judgments paid by it to the plaintiffs in an earlier negligence case. At the close of the District's case appellees' motions for directed verdicts were granted, the trial court being of the opinion that the issue of appellees' liability to the District had been determined in the earlier case and could not be raised again.

In the first action a Mr. and Mrs. Boorstein sued the District of Columbia, D'Aprile Brothers Company and General Heating Engineering Company for injuries suffered when their automobile ran into an excavation in the public street. At trial it was shown that the excavation had been made for the purpose of connecting the water main and public sewer to a house then being constructed by D'Aprile Brothers, which had engaged General Heating to do the plumbing and heating work, and the latter had engaged Bradley, a master plumber, to apply to the District for the necessary excavation permits; that the excavation or cut was refilled and packed on June 12, 1957; and that only the District, which was notified of the refilling of the excavation, could repave or resurface the fill. On June 23, 1957, after a heavy rain had apparently washed away a portion of the backfill, the Boorsteins' automobile ran into the excavation and they were injured. Directed verdicts were entered for D'Aprile Brothers and General Heating, but a jury awarded substantial damages to the Boorsteins against the District. No appeal was taken and the District after paying the judgments brought this action.

We agree that the prior action established that, so far as the Boorsteins were concerned, the District was negligent in failing to resurface the cut within a reasonable time, and that the injuries suffered by the Boorsteins did not result from any negligence on the part of either D'Aprile Brothers or General Heating. The question here, however, is whether the District is entitled to indemnity from the results of its own negligence.

The permit for the excavation contained the following indemnity agreement:

"The Permittee, in accepting this permit, expressly agrees, as a condition precedent to the issuance of the permit by the District of Columbia, that the Permittee will save harmless, indemnify and keep indemnified the District of Columbia from any costs, loss or damage suffered or incurred by the District of Columbia by reason of any injury to persons or damage to property resulting from the use of Public space

by the Permittee, or by any agent, servant, employee or contractor of the Permittee; * * *." [1]

Clearly, the language of the indemnity provision of the permit is "so broad and comprehensive that although it contains no express stipulation indemnifying against a party's own negligence, it accomplishes the same purpose." [2] Here a city street was to be cut up for the benefit of private parties. The District, primarily responsible to the public for the safety of the street, was to gain nothing directly from the excavation, except perhaps a law suit. It was not unreasonable for the District to require that it be indemnified against its liability to the public even though such liability arose from its own negligence.

The fact that the District was notified when the backfill was completed and failed within ten days to resurface the fill does not alter the situation. As far as the Boorsteins were concerned, the jury found the ten-day delay on the part of the District to be unreasonable, but it does not follow from this that appellees were relieved of their liability under the indemnity agreement. Notifying the District that the excavation had been filled and was ready for resurfacing did not end appellees' liability. They could not in reason expect the District to immediately resurface and they were well aware that refill in an excavation could settle or wash away and create a dangerous condition. Probably they had the right to demand that the District act within a reasonable time, but we rule as a matter of law that under the indemnity agreement ten days' delay was not unreasonable.

We hold that all appellees were liable under the indemnity agreement. The permit named only D'Aprile Brothers [3]

and Bradley, and did not name General Heating, but the president of General Heating made it clear that Bradley in applying .for the permit was acting on behalf of General Heating. What may be the respective liabilities among the appellees is not before us.

Reversed with instructions to enter judgment for appellant.

CAYTON, C. J., retired, dissents.

---

1. Similar language is found in the application for the permit.

2. Princemont Const. Corp. v. Baltimore & Ohio R. Co., D.C.Mun.App., 131 A.2d 877, 878.

3. Actually, the application and permit contained the name of Oliver D'Aprile, but Mr. D'Aprile testified that the property was owned by the D'Aprile Brothers and he, as president of the corporation, was acting for it.