## HORST *v.* KRAFT

[No. 439, September Term, 1966.]

*Decided July 14, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

*Pierre E. Dostert* and *Samuel C. Borzilleri* for appellants.

No brief filed for appellee.

FINAN, J., delivered the opinion of the Court.

Appellee, Karen Kraft, filed suit in the Circuit Court for Montgomery County against appellant, Ronald Horst, seeking damages for personal injuries allegedly sustained by appellee while riding in the appellant's automobile when the appellant collided with another vehicle. Appellant filed an answer which, among other things, averred that the appellee's claim was barred by an accord and satisfaction between the parties. A jury trial was set for January 20, 1966, and three days before that date appellee filed a "motion for continuance or stay and for [a] pre-trial hearing." The grounds for this motion were that the

appellant and appellee, prior to the filing of the suit, had allegedly entered into a settlement agreement. The terms of this alleged agreement were that the appellant, an artist, in satisfaction of the claim, was to furnish the appellee with "a certain number of paintings," that a "certain" number were to be selected by appellant, regardless of appellee's preference; that the balance were to be selected by appellee; and that the parties had a "falling out concerning the suitability of some or all of the paintings," which were to be selected by the appellee. The appellee also denied that there had been both an accord and a satisfaction between the parties as contended by the appellant.

After the appellee's motion for a continuance was denied, she filed a "suggestion for removal" and the case was removed to the Circuit Court for Calvert County. Before trial of this law action, the appellee filed a bill of complaint in equity, in the Circuit Court for Montgomery County, praying for specific performance of the alleged accord between the parties. Two days later, on August 12, 1966, the appellee filed in the Calvert County Court a "motion for stay" of the law action, which was substantially identical to the motion previously filed in the Montgomery County Court, but which also referred to the filing of the equity suit in Montgomery County. Appellant opposed the motion for a stay and the motion was denied, whereupon, on August 25, 1966, appellant filed a motion for summary judgment accompanied by affidavit in the Calvert County law action on the ground that "there is no genuine dispute as to any material fact that there has been an accord but as yet no satisfaction between the parties."

The appellee was granted a summary judgment "for twenty (20) pictures or twenty works of art" allowing credit "for five (5) works of art previously executed and delivered." The court further directed the appellant:

> "to assemble within the next six (6) months the remaining works of art so that the two (2) which have been selected, but not delivered, will be delivered, making a total of seven (7) and that the Defendant [appellant] supply eight pictures of his selection to be approved by some independent art authority, worthy of his efforts and equal to his high standard of per-

formance. The remaining five (5) are to be selected from a group of ten to be prepared by the Defendant and approved by an independent art authority worthy of his efforts and equal to his prior high standards, * * *."

The remedy of summary judgment pursuant to Rule 610 a is proper only "where: (1) there is no dispute as to a material fact; and (2) the moving party is entitled to judgment as a matter of law." *Owens v. Simon,* 245 Md. 404, 407, 226 A. 2d 548, 550 (1967). At bar material facts are in dispute. Appellee in her affidavit stated the terms of the alleged accord to be as follows:

> "That defendant would make available to plaintiff over a period of time oil paintings and other art work executed by defendant and that as an accord and satisfaction, plaintiff would receive from said art work twelve items of her own choosing and eight items of defendant's choosing, there being an understanding that defendant would execute over a period of time an assortment of art work large enough from which she might make her selections, and this assortment would be of a standard equal to the best efforts of defendant as evidenced by prior works of defendant with which plaintiff was familiar.
>
> * * *
>
> "That plaintiff has always been, and still is, ready and willing to perform the agreement on her part, and has in fact received five paintings of the agreed twenty, but defendant has refused to furnish for her selection the balance of the paintings and art work of the standard contemplated by the parties to discharge the agreement."

On the other hand, the appellant in his affidavit specifically denied that the agreement called for the art work "to be equal to the best efforts of defendant;" that the appellant would execute art works "over a period of time" to be selected by appellee; and that he had knowledge of or "acquiesced in the filing" of

appellee's personal injury suit as stated by appellee in her affidavit. Appellant further alleged that the agreement was not between him and the appellee, but between him and the appellee's parents and that he had tendered to the appellee's parents thirty-five paintings for their selection, all of which were refused by them.

A hearing on a motion for summary judgment is not to be used as a substitute for a trial; its purpose is not to decide contradicted facts, but only to determine whether material facts are in dispute. *Sumner v. Travelers Indemnity*, 235 Md. 480, 201 A. 2d 775 (1964) and cases cited therein. It is curious but significant to note that the lower court, although applying summary judgment procedure, nonetheless, allowed evidence to be submitted in open court in the nature of the testimony of the appellant's former attorney who recounted his version of the accord reached beween the parties. However, this testimony was apparently never transcribed by the court stenographer and is nowhere to be found in the record; although counsel for both parties in their argument before this Court stated that this testimony was given. Since disputed material facts are presented at bar, the case must be remanded for further proceedings.

This Court must also point out that the lower court erroneously granted specific performance in the present case. Specific performance is within the sound discretion of a court of equity. *Md. City Realty Co. v. Vogts*, 238 Md. 290, 302, 208 A. 2d 701, 708 (1965) and as such is exclusively within the province of equity and cannot be obtained in a court of law. *Adamstown Canning Co. v. B. & O. R. R.*, 137 Md. 199, 210, 112 Atl. 286, 290 (1920). The commencement of an equitable action "shall" be by the filing of "a bill or petition," Rule 170 a, and "shall contain" not only "a concise statement of the facts upon which the plaintiff seeks relief," Rule 370 a 2, but also "prayers specifying particularly the relief sought, * * * and may also contain a general prayer for such other and further relief as the case may require." Rule 370 a 3.

In the case at bar, only the tort action was removed to the Circuit Court for Calvert County; appellee's subsequent suit for specific performance of the alleged accord, filed in the Circuit Court for Montgomery County on August 10, 1966, was

never properly before the lower court in Calvert County by removal or other means. Therefore, the trial judge had before him only an action at law for damages for personal injuries and the lower court's judgment purporting to specifically enforce an alleged agreement in satisfaction of appellee's tort claim was improper under the authorities cited above.

The only remaining issue to be disposed of by this Court is one of procedure. Appellee did not file a brief in the instant case; however, appellee filed, through her attorney, a motion to dismiss this appeal on the ground that appellant failed to comply with Rule 826 c (2) by not including in the record a transcript of the testimony taken before the Calvert County Court and by not serving a copy upon the appellee.

The testimony in question was the testimony of a former attorney of the appellant's, who recounted to the court his version of the accord reached between the parties. The existence of such testimony was referred to by counsel for both parties in oral argument before this Court.

The record as filed contains all the pleadings, the deposition of appellant's former attorney and correspondence between former opposing counsel.

Rule 835 b lists eight reasons which justify the dismissal of an appeal on the motion of a party. An examination of Rule 835 b reveals that the reason for dismissal urged upon this Court by the appellee is not one of those specifically enumerated in Rule 835 b; however, Rule 835 b (4) does provide for dismissal where: "The record has not been transmitted within the time prescribed by Rule 825 * * *." Although the record was transmitted to the Court within the time prescribed by Rule 825, the appellee now complains that it is not complete. Thus the substance of appellee's contention is that the appellant failed to comply with Rule 835 b (4). Rule 836 c provides that a motion to dismiss founded on Rule 835 b (4) "shall be filed within 10 days from the date the record is filed with this Court, * * *." Rule 836 (c) further provides that if the appellee includes in his brief the motion to dismiss pursuant to Rule 836 (d), the time for filing provisions set forth in Rule 836 (c) shall not apply. As we have already pointed out, appellee did not file a brief in this Court and thus the above stated exception

to Rule 836 (c) is not applicable to the instant case. In the case at bar the record was filed in this Court on October 12, 1966, and the appellee did not file his motion to dismiss until January 4, 1967; the motion came too late.

Appellee's counsel, in oral argument before the Court in the motion to dismiss, contended that he filed his motion to dismiss within 10 days of the date that he received a copy of the appellant's brief and therefore his motion to dismiss was timely filed. This contention is without merit. Appellee does not offer objections to the contents of the appellant's printed record extract as contemplated by Rule 835 b (5), but objects to the contents of the original record filed in this Court. Appellant was put on notice of the date, October 12, 1966, that the original record was filed in this Court and was free to examine it within 10 days of that date if he so desired. Evidently he did not do this. The motion to dismiss is denied.

> *Judgment reversed and the case remanded for further proceedings consistent with this opinion, appellee to pay the costs.*