THE ARUNDEL CORPORATION *v.* BOARD OF
ZONING APPEALS OF HOWARD COUNTY,
ET AL.

[No. 230, September Term, 1967.]

THE ARUNDEL CORPORATION *v.*
FILBY, ET AL.

[No. 305, September Term, 1968.]

*Decided October 7, 1969.*

The causes were argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, FINAN and SMITH, JJ.

*Charles E. Hogg* and *J. Cookman Boyd, Jr.* for appellant.

*Bernard F. Goldberg,* with whom were *James N. Vaughan* and *Paul E. Krieger* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

Appellant, Arundel Corporation, appealed from two adverse lower court rulings, Nos. 230 September Term, 1967 and 305 September Term, 1968, which appeals have been consolidated for argument in this Court since they involve the same subject matter.

The first appeal is from an order of the Howard County Circuit Court (Mayfield, J.) dated June 26, 1967, sustaining a demurrer to the appellant's bill of com-

plaint, without leave to amend. The bill sought to enjoin a hearing by the Howard County Board of Zoning Appeals (Board) on whether a quarry owned and operated by Arundel Corporation and Nello L. Teer Co., as contract operators, was a valid non-conforming use. In support of its bill appellant alleged that certain mixed questions of law and fact were involved in determination of this issue and that the Board was without authority either by statute or zoning regulations to decide such questions. The chancellor sustained the demurrer of appellees, Board of Zoning Appeals of Howard County, Herbert W. Smull, Zoning Commissioner, and Percy W. Filby and Vera R. Filby, his wife, although he ruled on the issues presented, namely *res judicata* and estoppel *in pais*. As a result of this decision, a hearing was in fact held before the Board on August 30, 1967. The determination of the Board was that Arundel Corporation was illegally operating the quarry in violation of the zoning regulations of Howard County. The determination was affirmed by the Circuit Court for Howard County (Evans, J.) on September 25, 1968, and forms the basis for appellant's second appeal.

In view of the fact that the hearing sought to be enjoined in the first appeal was actually held on August 30, 1967, it is argued by the appellees that at this stage the question is moot. We agree. Whatever the authority of the Board, appellant has had its contentions of *res judicata* and estoppel *in pais* ruled on by two separate circuit court judges who were entirely competent to consider these questions, and both judges have determined these issues adversely to appellant. Appellant's contention that appellees' motion to dismiss for mootness under Maryland Rule 835 b 8 is not timely filed within the time limited in Rule 836 c is of no avail, considering this Court's decision in *Agnoli v. Powers, Assignees,* 235 Md. 289, 201 A. 2d 487 (1964), and recently applied in *Horst v. Kraft,* 247 Md. 455, 231 A. 2d 674 (1967) and *State v. Sheridan,* 248 Md. 320, 236 A. 2d 18 (1967), holding that failure to file a motion to dismiss within the time speci-

fied within Rule 836 does not preclude making a similar motion in the appellees' brief, as is the situation here. For this reason the appeal in No. 230 (1967) will be dismissed because the question involved has become moot.

Appellant's second appeal involves a complex factual situation, but fortunately the essential facts are not in dispute. On July 27, 1948, comprehensive zoning regulations were adopted by the County Commissioners of Howard County. These regulations divided the county into three use districts, Residential, Commercial A and Commercial B. Arundel's land in question was included in the zoning map adopted and zoned Residential. No mention was made of quarries in these regulations. In 1953 appellant determined its land contained large deposits of high grade stone and explored the possibility of operating a quarry. As the result of an exchange of letters between Arundel and the zoning commissioner, quarrying operations were commenced in 1953 near Savage, Maryland, and have continued until this time. On January 12, 1954, new comprehensive zoning regulations were adopted by the County Commissioners for Howard County and the 1948 regulations repealed. The 1954 regulations explicitly permitted stone quarries in any zone after approval by the newly established Board of Zoning Appeals (Sec. 12 A-3). Arundel never sought nor received such approval. From time to time various persons questioned the validity of the operation of a quarry in this residential zone. Such inquiries culminated finally, after public notice and a hearing, in a decision by the Board on November 15, 1967, holding that such use was illegal, and affirmance of this decision by the Circuit Court for Howard County (Evans, J.), whence this appeal was taken.

Arundel complains that the 1948 regulations absolutely prohibiting it from enjoying the highest and best use of its land work an unconstitutional deprivation of property. In support of this proposition they cite *Hadacheck v. Sebastian*, 239 U. S. 394 (1915); *Village of Terrace Park v. Errett*, 12 F. 2d 240 (6th Cir. 1926); *Ex*

*parte Kelso,* 147 Cal. 609, 82 P. 241 (1905). All of these cases relied on by the appellant involved situations where the uses prohibited were in existence at the time the zoning regulations were adopted, and were in effect valid non-conforming uses.

Appellant contends before us that its use of the land is a valid non-conforming use within the meaning of the 1954 regulations because it is undisputed that the quarry actually existed and was in operation prior to the adoption of the 1954 regulations. These regulations provide in Section 13 A:

> "Any use which now *legally* exists and does not comply with the regulations of the district in which it is situated shall be known as a nonconforming use. Such use shall be confined to that part of a building or the extent of land actually used at the time of the passage of these regulations, except as hereinafter provided." (Emphasis added.)

Appellant argues that the 1948 regulations nowhere mention stone quarries. They are neither permitted uses nor special exceptions in any of the three zoning classifications. Appellant concedes that Paragraph 5A of the 1948 regulations empowers the zoning commissioner, after public notice and hearing, to permit any use of land in a district zoned Commercial B which does not adversely affect the public health, safety, morals, or general welfare, but it says this paragraph is of no assistance to it because its land from 1948 until the present has always been zoned Residential. Arundel takes the position, that there being no provision applicable to its situation in 1953, that the regulations did not foresee its particular problem. It consulted the then zoning commissioner and after apparently receiving approval from him and from the county commissioners, commenced operations in 1953. However, Paragraph 11 of the 1948 regulations makes clear that the enumeration of permitted uses is exclusive in nature, and that "After the adoption

of these regulations . . . no land shall be used . . . until a permit signifying the proposed . . . use conforms with these regulations shall have been issued by the Zoning Commissioner." Paragraph 8 specifies that in all cases where approval of the zoning commissioner is required for issuance of a permit, public notice shall be given and a public hearing conducted before any permit is issued.

For a use to enjoy the status of a non-conforming use it must be one, as already pointed out, that *legally* existed upon the adoption of the 1954 regulations. The only ways that the quarry operations could legally exist prior to 1954 were (a) if the quarry were a valid non-conforming use under the 1948 regulations, (b) if a permit for the use certifying compliance with the zoning regulations had been issued by the zoning commissioner after public notice and hearing, and (c) if Arundel's land had been rezoned Commercial B after approval by the county commissioners following public notice and hearing under Paragraph 12, and subsequent approval by the zoning commissioner pursuant to Paragraph 5A, also after public notice and hearing. Neither (b) nor (c) was ever sought in this case. The 1948 regulations define a non-conforming use in Paragraph 6-1:

> "Any use of land or building *actually* existing at the time of the adoption of these regulations and which does not conform with the requirements of the district in which it is located shall be known as a non-conforming use and as such may continue in operation. Such privilege shall be confined to that part of a building or the extent of land actually used at the time of the adoption of these regulations." (Emphasis added.)

The change of language in the definition from "actually existing" in 1948 to "legally exists" in the 1954 regulations is not a mere coincidental difference in phraseology. The purpose of allowing continuation of non-conforming uses upon the adoption of zoning regulations

is to prevent undue hardship on property owners and involves constitutional questions as well. 101 C.J.S. *Zoning* § 181 (1958). However, the policy of zoning regulations is to restrict rather than increase any non-conforming uses. *Minor v. Shifflett,* 252 Md. 158, 249 A. 2d 159 (1969) ; *Schiff v. Board of Zoning Appeals,* 207 Md. 365, 114 A. 2d 644 (1955) ; *City of Baltimore v. Byrd,* 191 Md. 632, 62 A. 2d 588 (1948). Accordingly, having given adequate protection to non-conforming uses in 1948, Howard County could well have concluded not to legitimate any and all non-conforming uses that sprang up between 1948 and 1954, and limited its approval to those existing by virtue of law in 1954. Arundel did not attempt to show any quarry operation *actually* existing prior to 1948. Even if it had been shown that Arundel intended at that time to eventually begin quarry operations there, it is well settled that the actual conditions existing at the time of the passage of the regulations, not the intentions, will be controlling. *Chayt v. Zoning Appeals. Board,* 177 Md. 426, 9 A. 2d 747 (1939).

Appellant relies on *Phillips v. Zoning Commissioner,* 225 Md. 102, 169 A. 2d 410 (1961), to establish that the existence of a non-conforming use should be determined by reference to the 1954 regulations. In *Phillips,* the operator of a junk yard was able to show a non-conforming use of his property as a used car lot and furniture storage shed as of the adoption of the Howard County zoning regulations in 1948. By a creeping process this property had become a full-fledged junk yard by the time the new regulations were adopted in 1954. Phillips could have applied for a permit from the zoning commissioner to operate a junk yard under Paragraph 5A of the 1948 regulations since his property was in a Commercial B zone, but he failed to do so. Both parties in that case had originally assumed the critical date for determining non-conformity was 1954, but after a ruling by the judge in the trial court, they filed a stipulation in this Court that the determinative date was 1948. This Court concluded that Phillips' use of the property as a junk yard was illegal.

Except for the fact that one bona fide non-conforming use did already exist in 1948, *Phillips* is remarkably similar to the instant case. There is no suggestion in *Phillips* that the type of zoning district could affect the critical date for determining a non-conforming use in any way. For a similar interpretation of the words "lawful non-conforming use" in the Anne Arundel County zoning ordinance see *Laque v. State*, 207 Md. 242, 113 A. 2d 893 (1955). See also 1 Anderson, *American Law of Zoning*, Sec. 6.12, 331-32 (1968), and 2 Rathkopf, *Law of Zoning and Planning*, Chap. 58, Sec. 4, 15-16 (3d ed. 1966).

Even if appellant's contention concerning *Phillips* were accepted, it could not prevail without a showing that a non-conforming use *legally* existed on January 12, 1954, when the new comprehensive regulations were adopted. This it has not done, the record showing indifference to or avoidance of the various legal avenues Arundel might have pursued. The trial judge's summary is correct when he states that for Arundel to establish a non-conforming use, it must have been shown to *actually* exist in 1948 or *legally* exist in 1954. Failing to sustain either of these propositions Arundel must be held to be conducting an illegal non-conforming use in violation of the zoning regulations of Howard County and the order of the Circuit Court for Howard County must be affirmed.

> *Appeal in No. 230 (1967) dismissed.*
> *Order in No. 305 (1968) affirmed.*
> *Costs to be paid by appellant in both cases.*